**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wayne Foster, Jr., | No. CV-10-2411-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Lowell and Dorella Foletta of Arizona Environmental Progress/Water Resources International, | |
| Defendants. | |

Plaintiff Wayne Foster's pro se complaint asserts an employment discrimination claim under Title VII against "Lowell and Dorella Foletta of Arizona Environmental Progress/ Water Resources International." Doc. 1. Plaintiff has filed a motion for default judgment on the ground that Defendants have "failed to respond in any way and have ignored this legal action against them." Doc. 9. To the contrary, Defendants filed an answer denying the complaint's allegations on December 20, 2010. Doc. 7. Moreover, default judgment is not appropriate under Rule 55(b) of the Federal Rules of Civil Procedure given that Defendants' default has not been entered by the Clerk under Rule 55(a). *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (discussing two-step process under Rule 55). Nor does Plaintiff's motion address the factors the Court must consider in deciding whether to grant default judgment. *See id.* at 1471-72. The motion for default judgment will be denied.

Defendants Lowell and Dorella Folleta have filed a motion to postpone the case management conference set for February 9, 2011 (*see* Doc. 8) on the ground that they are

1 medically unable to participate in this litigation and "company and personal representative"
2 Cindie Anderson has surgery scheduled for February 3 which requires a four week recovery.
3 Doc. 11. The Court will continue the case management conference, but for different reasons.
4       Plaintiff's Title VII claim is properly asserted against his former employer, Arizona
5 Environmental Progress, Inc. ("AEP"). *See* Doc. 1 at 4 (EEOC determination letter); *Miller*
6 *v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993) (holding that there is no
7 individual liability under Title VII); *Pink v. Modac Indian Health Project*, 157 F.3d 1185,
8 1189 (9th Cir. 1993) (same). "[A] corporation may appear in federal courts only through
9 licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S.
10 194, 201-202 (1993); *see D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972,
11 973-74 (9th Cir. 2004) ("It is a longstanding rule that 'corporations and other unincorporated
12 associations must appear in court through an attorney.'") (alteration and citation omitted).
13 It does not appear from the record that Ms. Anderson is a licensed attorney. She therefore
14 may not represent AEP (or the Folletas) in this action. The Court will strike from the record
15 the answer filed by Ms. Anderson (Doc. 7) and give Defendants 30 days to obtain licensed
16 counsel and file, through counsel, a new answer or other appropriate response to the
17 complaint. *See* Fed. R. Civ. P. 12. The case management conference will be reset for
18 **April 1, 2011 at 4:00 p.m.**
19       Plaintiff is advised that although he is proceeding pro se, he must still become familiar
20 with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States
21 District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565,
22 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern
23 other litigants."); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986)
24 ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he
25 litigates."). The Federal Rules of Civil Procedure are available at the following Internet
26 website: www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil
27 Procedure may be obtained in the Clerk's Office and are available online at the Court's
28 Internet website: www.azd.uscourts.gov (follow hyperlink titled "Opinions/Orders/Rules").

Plaintiff is further advised that if he fails to prosecute this action or comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992).

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment (Doc. 9) is **denied**.
2. The Clerk is directed to **strike** from the record Defendant's answer (Doc. 7).
3. Defendants shall have until **March 11, 2011** to obtain licensed counsel and file, through counsel, a new answer or other appropriate response to the complaint.
4. Defendants motion for postponement of Rule 16 case management conference (Doc. 11) is **granted**.
5. The Rule case management conference set for February 9, 2011 (Doc. 8) is **vacated** and **reset** to **April 1, 2011 at 4:00 p.m.**

DATED this 11th day of January, 2011.

*Daniel G. Campbell*

David G. Campbell
United States District Judge